**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| ELESHA SOTO, | * |
| | * |
|     Petitioner, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-00166-JB-B |
| | * |
| KEIDRA BOOKER, *et al.*, | * |
| | * |
|     Respondents. | * |

<u>**REPORT AND RECOMMENDATION**</u>

This matter is before the Court on review.[1] Petitioner Elesha Soto ("Soto"), who is proceeding without an attorney, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a motion to proceed without prepayment of fees. (Docs. 1, 2). Upon consideration, and for the reasons stated below, the undersigned recommends that this action be **DISMISSED without prejudice** because Soto has repeatedly failed to comply with this Court's directives, and because Soto's current pleading is duplicative of her pleading in a prior case that was pending at the time this action was filed.

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

I.    **BACKGROUND**

A. **Soto I (Case No. 1:25-cv-00039-JB-B)**

In January 2025, while in pretrial detention at the Monroe County Jail, Soto filed her first civil action in this Court.  See Soto v. Booker, Case No. 1:25-cv-00039-JB-B (S.D. Ala. 2025) ("Soto I").  In her initial filing in Soto I, Soto requested "help" from the Court but failed to make clear what type of action she was bringing, what claims she was attempting to raise, and what relief she was seeking.  Id., ECF No. 1.

In an order dated January 31, 2025, the Court informed Soto that she could seek relief in federal court under two primary avenues: a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a complaint under 42 U.S.C. § 1983.  Id., ECF No. 4.  The Court explained to Soto the difference between a habeas petition filed by a pretrial detainee under 28 U.S.C. § 2241 and a civil rights complaint filed under 42 U.S.C. § 1983.  Id.  The Court also informed Soto of the different filing fees required for a habeas petition and for a civil action under § 1983, as well as the process for a prisoner to request permission to proceed without prepayment of fees.  Id.

The Court ordered Soto, if she desired to proceed with Soto I, to file either a § 2241 habeas petition or a § 1983 civil rights complaint in that case, depending on which type of action was appropriate given her claims and desired relief.  Id.  To

2

facilitate Soto's compliance with the January 31, 2025 order, the Clerk was directed to provide Soto with this Court's forms for a § 1983 prisoner complaint, a § 2241 habeas petition, and a motion to proceed without prepayment of fees in a prisoner action. Id. The Court warned Soto that her failure to timely comply with the order would result in a recommendation that the action be dismissed for failure to prosecute and failure to obey the Court's order. Id.

Soto quickly acknowledged receipt of the Court's order dated January 31, 2025. Id., ECF No. 5. However, Soto did not timely comply with the order. Instead, she chose to submit three additional letters from the Monroe County Jail raising a disorganized barrage of allegations and complaints, some of which were utterly fantastical or delusional on their face. Id., ECF No. 5, 6, 7. Having received nothing timely from Soto in compliance with the January 31, 2025 order, the undersigned entered a report and recommendation on March 13, 2025, recommending that Soto I be dismissed without prejudice for failure to prosecute and failure to obey the Court's order. Id., ECF No. 8.

On March 21, 2025, however, the Court received a § 2241 habeas petition, a motion to proceed without prepayment of fees, and multiple pages of miscellaneous documents from Soto,[2] which she

---

[2] Per the Court's instruction, the miscellaneous documents were placed in a file folder and not made a part of the record because

3

had mailed from an address in California.  Id., ECF No. 9, 10. The documents indicated that Soto had been released from the Monroe County Jail on March 5, 2025, after pleading guilty to third-degree domestic violence in the District Court of Monroe County, Alabama.

In her purported § 2241 habeas petition in Soto I, Soto stated that she was challenging the "eviction of unidentified persons occupying my property assets, while being illegally detained, suffered unlawful unhumane treatment denied all lawful rights set forth."  Id., ECF No. 9.  Soto further described the decision or action she was challenging as "corporal punishment life threatening living while incarcerated long term April 15th 2024 – 3/5/2025, property assets of extortion embezzlement, illegal complaints causing nonreversable damage."  Id.  Soto purported to raise numerous claims relating to her arrest and incarceration in the Monroe County Jail from April 2024 to March 5, 2025.  Id.  In her request for relief, Soto stated: "I Elesha Soto seek relief for damages suffered, falsely imprisioned, terrorist grouped damages, long term life threatening living from April 15th 2024 – March 5 2025, I Elesha Soto seek monies in the amount of 360 Billion Dollars."  Id.

_____

they contained sensitive information concerning other individuals that plainly had no bearing on Soto's claims.  See Soto I, ECF No. 12.

In light of Soto's post-incarceration filings, the undersigned withdrew the report and recommendation entered March 13, 2025, and replaced it with a report and recommendation dated April 9, 2025. Id., ECF No. 12. The new report and recommendation noted that Soto had been specifically informed in the order dated January 31, 2025, that if she was challenging the circumstances or conditions of her confinement and seeking damages, she needed to file a civil rights complaint under 42 U.S.C. § 1983 rather than a habeas petition. Id. Soto had also been informed that she could not raise habeas claims and § 1983 claims in the same action and needed to file separate cases if she wished to proceed with both a § 1983 civil rights complaint and a petition requesting habeas relief. Id. Despite these instructions, Soto had filed a purported § 2241 habeas petition raising claims seeking damages for alleged violations of her constitutional rights. Id. The undersigned further noted that the seventy-plus claims raised in Soto's purported habeas petition were perfunctory, barely intelligible, frequently nonsensical, and broadly devoid of factual support. Id. The undersigned also observed that many of the claims in Soto's petition were evidently delusional and lacking any basis in reality. Id.

The undersigned further found that Soto's motion to proceed without prepayment of fees was deficient because it unnecessarily attempted to argue the merits of her claims and was not accompanied

5

by a certified copy of her Monroe County Jail inmate account statement for the six-month period immediately preceding the filing of her case. Id. The undersigned explained that Soto's release from incarceration during the pendency of Soto I did not relieve her of her obligation to submit a certified copy of her inmate account statement for the relevant period. Id.

The undersigned observed that Soto had made no apparent attempt to timely comply with the Court's order dated January 31, 2025, despite being warned that her failure to timely comply would result in a recommendation of dismissal. Id. Instead, Soto elected to write three additional letters to the Court from jail in which she aired various grievances in a rambling and disorganized manner. Id. The undersigned found it evident that Soto had willfully chosen to disregard the deadline set by the Court and waited to file a formal pleading and IFP motion when *she* deemed it appropriate or convenient, with no regard for the Court-ordered deadline. Id. And when Soto finally did untimely file a purported habeas petition and motion to proceed without prepayment of fees, she completely disregarded the explanations and directives set forth in the Court's January 31, 2025 order and filed documents that were woefully deficient. Id. Accordingly, the undersigned recommended that Soto I be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and/or

6

the Court's inherent authority for Soto's failure to comply with the Court's directives.  Id.

Soto did not file any objection to the April 9, 2025 report and recommendation in Soto I.[3]  On May 6, 2025, the District Judge adopted the report and recommendation and dismissed Soto I without prejudice for Soto's failure to obey the Court's order.  Id., ECF No. 13, 14.

**B. The Instant Case (Case No. 1:25-cv-00166-JB-B)**

As noted above, Soto did not object to the report and recommendation in Soto I.  Nor did Soto attempt to correct her many errors and make proper filings in that case or seek permission to do so.  Instead, while the report and recommendation was pending in Soto I, Soto commenced the instant action by refiling under a new case number essentially the same deficient documents that formed the basis for the recommendation of dismissal in Soto I. Specifically, on April 22, 2025, Soto filed a purported § 2241 habeas petition that is almost completely identical[4] to the purported § 2241 habeas petition she had filed the previous month in Soto I; exhibits to the § 2241 habeas petition that almost

---

[3] The report and recommendation was mailed to Soto at her new address of record in California on April 9, 2025, and it was not returned to the Court as undeliverable.

[4] Although everything else in the habeas petition appears to remain substantially the same, Soto has raised her request for damages from "360 Billion Dollars" to "368 Billion Dollars."  Compare Soto I, ECF No. 9, with (Doc. 1 at 7).

entirely match the miscellaneous documents she had recently submitted in Soto I; and a motion to proceed without prepayment of fees that is substantively identical to the one she had filed the previous month in Soto I.  Compare Soto I, ECF No. 9, 10, with (Docs. 1, 2).  Soto later filed two additional motions for leave to proceed without prepayment of fees, as well as various other motions and documents in this case.  (Docs. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14).  Among those is a motion filed December 8, 2025, in which Soto asks the Court to consolidate this case with Soto I, notwithstanding the fact that Soto I was dismissed and terminated in May 2025.  (See Doc. 9).

## II.  DISCUSSION

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order."  Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also Lu v. Capitol Waste Servs., Inc., 2019 U.S. Dist. LEXIS 230917, at *5-6, 2019 WL 8756875, at *2-3 (D. Mass. Sept. 19, 2019) (granting motion to dismiss case pursuant to Rule 41(b) for plaintiff's failure to comply with a court order entered in a previous case).  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the

efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339.  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Additionally, "[i]t is well settled that a plaintiff 'may not file duplicative complaints in order to expand their legal rights.'" Greene v. H & R Block E. Enters., Inc., 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (quoting Curtis v. Citibank, 226 F.3d 133, 140 (2d Cir. 2000)).  A court may use its "inherent administrative power to dismiss duplicative litigation to avoid wasting judicial resources." Mathauda v. United States, 2024 U.S. App. LEXIS 3812, at *1, 2024 WL 685792, at *1 (11th Cir. Feb. 20, 2024) (per curiam).  The Eleventh Circuit has held that a complaint that merely repeats pending or previously litigated claims is an abuse of the judicial process and may properly be dismissed as frivolous or malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  See Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir.

9

2021).  A habeas petition that is duplicative of a litigant's pending or previously litigated habeas action is likewise subject to dismissal.  See, e.g., Hall v. Harris, 2024 U.S. Dist. LEXIS 79258, at *2, 2024 WL 2853766, at *1 (M.D. Fla. May 1, 2024) (dismissing without prejudice § 2241 petition that was duplicative of petitioner's other habeas action, which was pending on appeal); Cordovano v. Warden, Pinellas Cnty. Jail, 2024 U.S. Dist. LEXIS 113202, at *2, 2024 WL 3305536, at *1 (M.D. Fla. June 27, 2024) (dismissing habeas petition as duplicative where petitioner's stated grounds for relief were the same as or substantially similar to those in his prior petitions, and informing petitioner that he "cannot keep re-filing the petition in the hopes a different judge will give him a different result").[5]

As previously outlined in detail, Soto blatantly disregarded the explanations and directives in the Court's January 31, 2025 order, which explained to her the difference between a habeas petition and a § 1983 civil rights action and directed her to file the appropriate pleading depending on which type of action she wished to pursue.  In contravention of the Court's directives, Soto filed a purported § 2241 habeas petition in Soto I which in

---

[5] Given that it specifically requests relief in the form of damages and appears to complain primarily of Soto's conditions of confinement during her former period of incarceration, the Court does not construe Soto's pleading in this case (Doc. 1) as a § 2241 habeas petition, even though it is labeled as such.

fact perfunctorily raised dozens of putative § 1983 claims seeking billions of dollars in damages for alleged violations of her rights. Soto also ignored the Court's directive that any motion to proceed without prepayment of fees filed in Soto I needed to be accompanied by her Monroe County jail inmate account statement for the six-month period preceding the date of the action's filing. Based on Soto's clear record of delay and egregious disregard of the Court's directives, the undersigned recommended that Soto I be dismissed without prejudice.

However, instead of either objecting to the undersigned's findings and recommendations in Soto I or acknowledging the deficiencies in her filings and making an effort to correct them, Soto chose to simply refile the same deficient documents under a different case number while her previous case was still pending before the District Court.[6] In light of Soto's willful and repeated failure to comply with this Court's order dated January 31, 2025, and the fact that her current pleading is duplicative of the purported habeas petition in Soto I, which was pending before this

_____

[6] Notably, by commencing a new, substantively identical case following her release from incarceration, Soto could theoretically avoid the requirement to obtain and submit a copy of her inmate account statement with her motion to proceed without prepayment of fees. However, even if Soto did not intend to commence this case as a separate action and instead meant to file the purported habeas petition and IFP motion (Docs. 1, 2) in Soto I, dismissal of this action is still warranted given that Soto has repeatedly failed to comply with the directives in the Court's order dated January 31, 2025.

Court when this action was filed, it is recommended that this action be **DISMISSED without prejudice** pursuant to this Court's inherent authority to enforce its orders and avoid wasting judicial resources.

### III. CONCLUSION

For the reasons set forth above, the undersigned recommends that this action be **DISMISSED without prejudice** for Soto's failure to comply with this Court's directives and because it is duplicative.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

12

objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **9th** day of **April, 2026.**

　　　　　　　　　　　　　　　　**/S/ SONJA F. BIVINS**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

13